UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, BOARD OF TRUSTEES OF THE PIPE TRADES INDUSTRY HEALTH & WELFARE PLAN, and INDIANA PIPE TRADES DEFINED CONTRIBUTION PENSION PLAN,       ) ) ) ) ) ) *Plaintiffs*,                                                        ) ) *vs.*                                                                      ) ) CORBITT & SONS CONSTRUCTION COMPANY, INC.,                                                              ) ) ) *Defendant*.                                                     ) | 2:13-cv-00289-JMS-WGH |

**ORDER**[1]

On January 22, 2014, the Court issued an Entry stating that the Proof of Service filed by Plaintiffs did not demonstrate proper service on Defendant Corbitt & Sons Construction Company, Inc. ("Corbitt") under the Federal Rules of Civil Procedure or that any signature documenting proof of service was ever obtained. [Filing No. 7.] The Court ordered Plaintiffs to demonstrate proper service by February 21, 2014, or face dismissal without prejudice. [Filing No. 7.] In response, Plaintiffs filed a Proof of Service on January 31, 2014 which indicates that the summons was sent by certified mail on January 29, 2014 to "Corbitt & Sons Construction Co., Inc." [Filing No. 8, at ECF p. 2.] Plaintiffs also submitted the certified mail return receipt, indicating that an individual at Corbitt signed for the delivery. [Filing No. 8, at ECF p. 3.]

Plaintiffs' latest attempt to serve Corbitt is still insufficient. Indiana Trial Rule 4.6 provides that service upon a domestic organization must be made upon "an executive officer

---

[1] As part of the Court's pilot program regarding hyperlinking in Court filings, this Order contains hyperlinks to documents previously filed in this case, and to legal authority.

thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6.  The manner of service prescribed by Rule 4.6 is the same as that allowed for individuals under Indiana Trial Rule 4.1, which provides that service may be made by sending a copy of the summons and complaint by "registered or certified mail or other public means by which a written acknowledgment or receipt may be requested and obtained…and returned showing receipt of the letter…." Ind. R. Trial P. 4.1.  So, while Plaintiffs can serve Corbitt by certified mail, the service must be addressed to a specific executive officer or agent of Corbitt, and not just to Corbitt generally.  *See, e.g.,* Towne v. Am. Family Mut. Ins. Co., 2010 U.S. Dist. LEXIS 16114, *10 (S.D. Ind. 2010) (service by certified mail addressed generally to company's headquarters but not to specific officer or agent was not proper under Ind. R. Trial P. 4.6).

      Accordingly, Plaintiffs must demonstrate by **March 24, 2014** that Corbitt has been properly served in this matter, or face dismissal without prejudice.

**Distribution via ECF only to all counsel of record**